UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC C. CHRISTENSEN,<br><br>        Plaintiff,<br> v.<br><br>RICHARD V. SPENCER, Secretary of the Department of Navy,<br><br>        Defendant. | CASE NO. 17-5424 RJB<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS |

   This case comes before the Court on the Defendant's Motion to Dismiss. Dkt. 15. The Court has considered the pleadings filed regarding the motion and the remaining record.

   In this case, Plaintiff asserts in his Amended Complaint that his former employer, the United States Navy, discriminated against him based on his disability, created a hostile work place, and retaliated against him contrary to the Rehabilitation Act, 29 U.S.C. § 791, *et. seq.* ("RA"). Dkt. 22. Defendant now moves for dismissal of the case based on Plaintiff's failure to

exhaust his administrative remedies. Dkt. 15. For the reasons provided below, the motion (Dkt. 15) should be granted.

The following facts are taken from the Amended Complaint (Dkt. 22) and the administrative records of the Merit Systems Protection Board and the Equal Employment Opportunity Commission. The Court has taken judicial notice of several documents that were in the records of these administrative bodies. Pursuant to Federal Rule of Evidence 201, a court may "take judicial notice of matters of public record but not of facts that may be subject to reasonable dispute." *Id*. (*internal citations and quotations omitted*). "Judicial notice is appropriate for records and reports of administrative bodies." *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008). A court can also consider "unattached evidence on which the complaint necessarily relies" if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 998–99 (9th Cir. 2011)(*internal citations and quotations omitted*). As it relates to Plaintiff's EEO complaints and requests for accommodation, those documents are referred to in the complaint, they are central to whether Plaintiff exhausted his administrative remedies, and Plaintiff does not question the authenticity of the documents. Further, Plaintiff submitted several documents related to his EEO complaints in response to the motion, so they were considered. Dkt. 21-1. In understanding whether Plaintiff exhausted his administrative remedies, some background facts are necessary.

## I.     BACKGROUND FACTS AND PROCEDURAL HISTORY

Starting in May of 2008, Plaintiff worked as an Explosives Operator Helper and, during the time relevant here, an Ordinance Equipment Mechanic Helper, at the Naval Undersea Warfare Center in Keyport, Washington. Dkts. 22, at 2 and 16-1, at 2-4. In his Amended Complaint,

Plaintiff asserts that in 2011 he was diagnosed with Cerebral Palsy and Scoliosis. Dkt. 22, at 2. Plaintiff states that these medical conditions caused him to have limitations using his back and spine. *Id.* Plaintiff claims that he "requested the use of approved leave and a modified work schedule" in order to get treatment. *Id.,* at 3. Plaintiff asserts in his Amended Complaint that Defendant adjusted and modified his time records to show he was absent without leave; disciplined him based on leave issues, which he maintains "Defendant intentionally created;" and disciplined him after he made reports of discrimination. *Id.* at 4. Plaintiff also asserts that a supervisor disparaged Plaintiff's doctor's diagnoses and a co-worker disparaged Plaintiff's use of leave for medical treatment. *Id.*

**A. PLAINTIFF REQUESTS ACCOMMODATIONS**

On March 6, 2012, Plaintiff formally requested accommodations in the form of "job restructuring to coincide with [his] light duty when applicable, physical therapy and medical appointments, maybe even a part time or modified schedule." Dkt. 16-1, at 43. He also requested use of "leave without resulting in disciplinary action," reassignment, and that his "leave record be corrected." *Id.* He asserts in his Amended Complaint that his "first level supervisor, second level supervisor, and third level supervisor found that Plaintiff was able to perform the essential functions of his job with accommodation." Dkt. 22, at 3. Plaintiff's March 6, 2012 request for accommodations was denied on June 4, 2012 for lack of substantiation. Dkt. 16-2, at 2-6.

**B. PLAINTIFF FILES AN INFORMAL EQUAL EMPLOYMENT OPPORTUNITY COMPLAINT**

On April 9, 2012, Plaintiff filed an informal Equal Employment Opportunity Commission ("EEOC" or "EEO") complaint, based on the Navy's alleged violations of EEOC regulations. Dkt. 21-1, at 4-13. On May 2, 2012, the Plaintiff and the Navy consented to mediate Plaintiff's

informal complaint. Dkt. 21-1, at 15. The record does not indicate what happened to this informal complaint or in the mediation.

### C. PLAINTIFF FILES A FORMAL EEO COMPLAINT

On June 4, 2012, Plaintiff filed a formal EEO complaint based on the Navy's denial of Plaintiff's request for reasonable accommodations, alleged harassment of Plaintiff, issuance of two separate suspensions: one for 14 days and another for five days, and alleged manipulation of Plaintiff's time cards from August 2011 to April 2012. Dkts. 16-2, at 21-23.

### D. PLAINTIFF'S RE-REQUESTS ACCOMODATION AND HIS EMPLOYMENT IS TERMINATED

On August 6, 2012, Plaintiff was notified that the Navy was considering terminating his employment for "unauthorized absence and failure to follow instructions" regarding call-in procedures. Dkt. 16-1, at 34-36.

On September 6, 2012, Plaintiff filed another request for accommodation (Dkt. 16-2, at 18-19) which was substantially similar to his March 2012 request. The Navy denied it for lack of substantiation on September 12, 2012. Dkt. 16-2, at 8-16.

Plaintiff's employment with the Navy was terminated on September 12, 2012. Dkt. 16-1, at 38-40.

### E. PLAINTIFF APPEALS HIS REMOVAL TO THE MERIT SYSTEMS PROTECTION BOARD

On November 16, 2012, Plaintiff appealed his September 12, 2012 removal to the Merit Systems Protection Board ("MSPB"). Dkt. 16-2, at 25-27. In this MSPB appeal, Plaintiff asserted that the Navy "initiated a series of adverse actions against [him] in a deliberate effort to remove [him]." Dkt. 16-2, at 27. He maintained that he was "given letters of requirement that were impossible to complete or follow due to [his] disability," and denied "accommodations for

[his] disabilities on three occasions without following the instructions for allowing accommodations." *Id.* Plaintiff asserted that his job was changed without his agreement. *Id.* Plaintiff sought a return to his original job, accommodations, and damages. *Id.*

On December 20, 2012, the MSPB Administrative Judge ("AJ") issued an "Order and Summary of Status Conference." Dkt. 16-2, at 29-35. In the order, the AJ noted that the Navy "moved to consolidate an EEO complaint filed by [Plaintiff] based on a claim of a hostile work environment due to reprisal, to which [Plaintiff] objected." Dkt. 16-2, at 33. The AJ further noted that Plaintiff did not include a claim of retaliation in the appeal before the MSPB. *Id.* The AJ noted that Plaintiff did not include the Navy's decision to terminate his employment in the EEO complaint. *Id.* Based on Plaintiff's objections, the AJ denied the Navy's motion to consolidate the two administrative proceedings. *Id.*

On May 15, 2013, the MSPB AJ issued a decision affirming the Navy's decision to remove Plaintiff from federal service. Dkt. 16-2, at 37-69. At that time, Plaintiff was represented by attorney Alene Anderson. Dkt. 16-2, at 37. The MSPB AJ found that Plaintiff failed to show that he was subject to discrimination or harassment based on his disability, or that the Navy failed to properly accommodate his disability. Dkt. 16-2, at 56-60. The AJ's decision further notified Plaintiff that this decision would become final "unless a petition for review" within the MSPB was filed by June 19, 2013. Dkt. 16-2, at 63. Plaintiff was informed that rather than file an appeal within the MSPB, he could choose to appeal the ALJ's decision to the EEOC, to the Federal Circuit Court of Appeals, or to a United States district court "no later than 30 calendar days after the date this initial decision becomes final." Dkt. 16-2, at 63-67.

The record before this Court indicates that Plaintiff did not appeal the ALJ's decision within the MSPB, to the EEOC, to the Federal Circuit Court of Appeals, or to a U.S. District Court until this case was filed in 2017.

**F. PROCEEDINGS ON THE EEO COMPLAINT AFTER THE MSPB DECISION**

On September 25, 2013, the Navy moved to dismiss Plaintiff's original formal EEO complaint (which was filed on June 4, 2012 before he was fired) for failure to prosecute. Dkt. 16-2, at 71. The motion was denied based on Plaintiff's counsel, Sarah Whitney's, October 9, 2013 notice of appearance and response to the motion. *Id.*

On November 25, 2014, the Navy renewed its motion to dismiss Plaintiff's June 4, 2012 EEO complaint as a sanction for lack of prosecution, arguing that despite Plaintiff's counsel's prior assertions that they would respond to discovery requests and otherwise participate in the case, nothing had happened in the case. Dkt. 16-2, at 71. The Navy stated that "despite several attempts by [the Navy's counsel] to contact her via email, [Ms. Whitney] has not responded . . . since 30 October 2013, when she again promised to have discovery they [sic] next day." *Id.* It was over a year later, and the Navy asserted that Plaintiff and his counsel had "still failed to contact the Agency regarding a definition of claims, proposed stipulations, settlement or respond[] to the discovery requests which ha[d] been pending since 10 June 2013." *Id.* It is unclear from the record before this Court whether a decision was made on this motion.

A year later, on November 25, 2015, the Navy filed a "Supplemental Motion to Dismiss," arguing that Plaintiff could not re-litigate the disability discrimination claims decided by the MSPB under the doctrine of *res judicata*, and was also barred from litigating his retaliation claims because he could have raised those claims in the MSPB proceedings. Dkt. 16-1, at 75-81. The motion further provided:

> Although the instant motion provides sufficient and wholly independent grounds for dismissal of the complaint, the Agency maintains that [Plaintiff's] complete and continuing disregard for discovery procedures and other pre-hearing processes as ordered by the Administrative Judge in this matter warrants correspondingly serious sanctions. [Plaintiff] filed no response to the Agency's most recent Motion to Dismiss on such grounds filed nearly a year ago. Further, since that time he still has not responded to the Agency's discovery requests, or its attempts to define claims, agree on stipulations, or discuss settlement. In addition to the potential sanctions identified in that prior motion, the Agency notes that several of its discovery requests pertained to the sameness of [Plaintiff's] claims before the MSPB and in this complaint. . . As such, a sanction finding the issue of *res judicata* to be established in the Agency's favor . . . would also be a proper sanction and an appropriate additional basis for dismissing the instant complaint.

Dkt. 16-1, at 80, n. 3.

Over a year later, on December 16, 2016, Plaintiff filed a response (through his current counsel, Chalmers Johnson) to the Navy's November 2015 motion to dismiss his June 4, 2012 EEO complaint. Dkt. 16-2, at 82. Plaintiff withdrew his request for a hearing, stating:

> The Agency has filed a motion, noting that, in a separate Merit System Protection Board hearing, the Claimant opted to have a full review of this EEO claims (the same issues presented in this case) before the MSPB. Having reviewed the Agency's well researched and written brief and the decision from the MSPB judge, the undersigned concurs with the Agency lawyer's assessment, facts asserted, and his recitation of the applicable law. Neither the undersigned nor the Claimant have any desire to require the Court to spend unnecessary time or effort reviewing and responding to the Agency's motion. Claimant hereby withdraws his request for a hearing, and requests that the Court issue an order remanding the claim to the Agency for a Final Agency Decision and the issuance of a right to sue so that Claimant may evaluate and decide whether to pursue this case in the United States District Court.

Dkt. 16-2, at 82. The Plaintiff's motion was granted and the EEO matter was remanded to the Navy. Dkt. 16-2, at 87.

On March 3, 2017, the Navy issued its Final Agency Decision on the EEO complaint, denying Plaintiff's discrimination claims. Dkt. 16-2, at 89-115. This decision notified Plaintiff of his right to appeal the Navy's final decision to either the EEOC or the U.S. District Court.

ORDER ON DEFENDANT'S MOTION TO DISMISS - 7

Dkt. 16-2, at 113-114. Plaintiff was notified that if he chose to file a lawsuit in court, it must be filed within 90 days of the date of the decision on the EEO complaint. *Id*., at 114.

### G. **THIS CASE IS FILED JUNE 3, 2017**

Plaintiff filed this case on June 3, 2017 and makes claims under the RA for denial of reasonable accommodations, hostile work environment, and retaliation. Dkts. 1 and 22, at 5-6. Plaintiff seeks damages, costs, and attorney's fees. *Id.,* at 7.

### H. PENDING MOTION

Defendant moves for dismissal of this case based on Plaintiff's failure to exhaust his administrative remedies. Dkt. 15. Defendant also included an additional motion to dismiss under 12 (b)(6) "failure to state a claim" because Plaintiff originally pled claims under the ADA. Dkt. 15. Pursuant to the parties' stipulation, Plaintiff was granted leave to file an amended complaint to plead claims under the RA, not the ADA. Dkt. 18. Plaintiff has done so. Dkt. 22. Accordingly, only Defendant's motion to dismiss the complaint for failure to exhaust administrative remedies will be considered below.

## II. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12 (b)

Pursuant to Fed. R. Civ. P. 12 (b), a party may assert the following defenses in a motion to dismiss: "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."

Under Fed. R. Civ. P. 12 (b)(1), a complaint must be dismissed if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other

enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). The United States, as sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Fed. R. Civ. P. 12 (b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to

ORDER ON DEFENDANT'S MOTION TO DISMISS - 9

state a claim to relief that is plausible on its face." *Id*. at 1974. "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court and may consider documents that are referred to in the complaint whose authenticity no party questions." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

## B. THE RA, PLAINTIFF'S USE OF ADMINISTRATIVE REMEDIES, AND EXHAUSTION

Section 501 of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, provides the exclusive remedy for claims of employment discrimination asserted against the federal government. *Boyd v. U.S. Postal Service,* 752 F.2d 410, 412-13 (9th Cir. 1985). The RA provides plaintiffs the "remedies, procedures and rights" outlined in Title VII of the Civil Rights Act. 29 U.S.C. § 794a (a)(1). This includes the Title VII requirement that plaintiffs exhaust their administrative remedies. *Boyd,* at 413. In the Ninth Circuit, "substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003); *Vinieratos v. United States*, 939 F.2d 762, 772 (9th Cir. 1991) (holding failure "to exhaust those administrative remedies forecloses any claim to jurisdiction under the Rehabilitation Act").

"[A] federal employee who alleges employment discrimination must elect to pursue his claim [administratively] under either a statutory procedure or a union-assisted negotiated grievance procedure." *Vinieratos v. United States*, 939 F.2d 762, 768 (9th Cir. 1991). "[T]he law requires an aggrieved federal employee to elect one exclusive administrative remedy and to exhaust whatever remedy he chooses." *Id.,* at 772. When Plaintiff filed his formal EEO complaint and/or his appeal with the MSPB, he elected to proceed with a statutory procedure, and so was foreclosed from pursuing the "union-assisted negotiated grievance procedure." *Id.,* at 768. (Although his formal EEO complaint states that he filed a grievance on May 22, 2012 (Dkt. 16-2,

at 22), that grievance is not in the record, and it is not clear that the grievance raised the same or similar issues as the EEO complaint.)

Federal employees alleging employment discrimination can choose between two statutory procedures to exhaust their administrative remedies: filing a case with the MSPB or filing an EEO complaint within the agency. 29 C.F.R. § 1614.302. The MSPB is generally authorized to "review adverse employment actions, which fall into one of five categories: a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, or a furlough of 30 days or less." *Sloan v. West*, 140 F.3d 1255, 1259 (9th Cir. 1998)(*internal quotations omitted*). The MSPB also "has pendent jurisdiction over discrimination claims brought in connection with an 'adverse action' otherwise appealable to it." *Sloan v. West*, 140 F.3d 1255, 1259 (9th Cir. 1998). A "mixed case appeal" is an "appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of . . . disability." 29 C.F.R. § 1614.302 (a)(2). A "mixed case complaint" is an EEO complaint "of employment discrimination filed with a federal agency based on . . . disability . . . related to or stemming from an action that can be appealed to the [MSPB]. The complaint may contain only an allegation of discrimination or it may contain additional allegations that the MSPB has jurisdiction to address." 29 C.F.R. § 1614.302 (a)(1). An "aggrieved person may initially file a mixed case complaint . . . or an appeal on the same matter with the MSPB . . . but not both." 29 C.F.R. § 1614.302 (b). Whichever is filed first is considered an election to proceed in that forum. *Id.*

The Defendant's motion should be granted and Plaintiff's Amended Complaint should be dismissed. When Plaintiff filed his appeal with the MSPB in November of 2012, raising issues related to his removal from federal service (which is an adverse employment action the MSPB

ORDER ON DEFENDANT'S MOTION TO DISMISS - 11

has jurisdiction to address) and discrimination claims, he filed a "mixed case appeal." By doing so, he designated the MSPB as the administrative forum in which he intended to proceed.

Although Plaintiff asserts that he filed both a "mixed case complaint" and a "mixed case appeal," his June 4, 2012 formal EEO complaint was not a "mixed case complaint." At the time it was filed, it was not "related to or stemming from an action" that could be appealed to the MSPB. After Plaintiff was removed from federal service, he may have opted to file a "mixed case complaint," but he did not; nor did he at any time amend his formal EEO complaint to include claims regarding the termination of his employment. (Indeed, when the Navy moved in December of 2012 to consolidate the EEO complaint with the MSPB appeal, Plaintiff opposed the motion, and so, the motion was denied). Plaintiff's formal EEO complaint was not a "mixed case complaint." Accordingly, Plaintiff opted to proceed with the MSPB as his statutory option to exhaust his administrative remedies when he filed his appeal with the MSPB. *See Martinez v. Slater*, 124 F.3d 217 (10th Cir. 1997); (holding plaintiff's appeal to the MSPB, following the effective date of his removal, was a "mixed case" appeal . . . and must be deemed plaintiff's election to challenge his allegedly discriminatory removal through proceedings before the MSPB, notwithstanding his first filing of an EEO non-mixed complaint); *Kelly v. Potter,* 2009 WL 3380993 (N.D. Ill. Oct. 16, 2009)(holding that Plaintiff's decision to file a "mixed case appeal" with the MSPB constituted the forum elected to exhaust administrative remedies despite the filing of earlier non-mixed case EEO complaint); and *High v. Paulson,* 2007 WL 1832107 (D. Col. June 25, 2007). Further emphasizing that the MSPB was his chosen forum, Plaintiff actively participated in the MSPB appeal until, on May 15, 2013, the MSPB AJ issued a decision on the merits, affirming the Navy's decision to remove Plaintiff from federal service and specifically rejecting his discrimination claims. Dkt. 16-2, at 37-69.

If the MSPB decides against the employee on the merits of a mixed case, as was the case here, review is proper in federal district court. *Perry v. Merit Sys. Prot. Bd*., 137 S. Ct. 1975, 1981 (2017). Pursuant to 29 C.F.R. § 1614.210 (b), Plaintiff had 30 days to file his case in district court. In mixed cases, like this one, "the 30-day appeal period begins to run once the individual filing the case received notice of the judicially reviewable action" and acts as a time bar. *Tolliver v. Deniro*, 790 F.2d 1394, 1396 (9th Cir. 1986). Plaintiff failed to appeal the MSBP AJ's May 15, 2013 decision within 30 days as required under 29 C.F.R. 1614.210 (b). Plaintiff filed this case (in June of 2017) too late, and the case should be dismissed based on the time bar. *Boyd,* at 412-413.

Moreover, even if the formal EEO complaint was a "mixed case complaint" and the EEO forum was the forum in which Plaintiff decided to proceed, Plaintiff did not properly exhaust his administrative remedies there. "When a federal employee obstructs the smooth functioning of a properly elected administrative process and abandons that process to pursue a remedy elsewhere, he fails to exhaust his chosen remedy and thereby forecloses judicial review." *Vinieratos v. United States*, 939 F.2d 762, 772 (9th Cir. 1991). Plaintiff abandoned the EEO process after he filed his appeal with the MSPB on November 16, 2012, and so did not properly exhaust his administrative remedies. After the May 2013 MSPB decision affirming his removal, the Navy moved to dismiss his formal EEO complaint in September 2013 for failure to prosecute, which was denied after Plaintiff's counsel filed a notice of appearance in October of 2013. Dkt. 16-2, at 71. The Navy again filed a motion to dismiss Plaintiff's formal EEO complaint in November of 2014, noting that despite Plaintiff's counsel's assertions that they would prosecute the case, nothing happened. *Id.* In November of 2015, the Navy supplemented its' November 2014 motion to dismiss, pointing out again that Plaintiff had not taken any action in the case

(including failing to respond to the November 2014 motion to dismiss) and urged the dismissal of the complaint based on failure to prosecute and on the additional ground of *res judicata*. Dkt. 16-1, at 75-81. It wasn't until December of 2016, over a year later, that Plaintiff responded to the November 2015 motion, and acknowledged that "in a separate [MSPB] hearing, the Claimant opted to have a full review of this EEO claims (the same issues presented in this case) before the MSPB." Dkt. 16-2, at 85. He further stated that "[h]aving reviewed the Agency's well researched and written brief and the decision from the MSPB judge, the undersigned concurs with the Agency lawyer's assessment, facts asserted, and his recitation of the applicable law." *Id*. Plaintiff's failure to participate in the process for years and then to agree in December of 2016 that the issues in the EEO complaint were barred by res judicata based on a decision from 3 ½ years before leads only to the conclusion that Plaintiff functionally abandoned his EEO complaint. Abandonment of one administrative remedy in order to pursue another avenue of relief constitutes a failure to exhaust. *Vinieratos*, at 769.

Plaintiff argues that even if he did not properly meet the exhaustion requirements, including the 30 day timeframe within which he was to have filed suit in district court, those requirements should be equitably tolled. "The exhaustion requirement is akin to a statute of limitations and is subject to waiver, equitable estoppel, and equitable tolling." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). Equitable tolling is available to a plaintiff who demonstrates he: "1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time." *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001).

Plaintiff fails to make an adequate showing as to any of the factors. He fails to show that either the Navy or the MSPB "misinformed or misled" him. At the conclusion of the MSPB AJ's decision, Plaintiff was informed that he had 30 days to file suit in U.S. district court or to appeal within the MSPB, to the EEOC, or to the Federal Circuit Court of Appeals. Dkt. 16-2, at 63-67. Plaintiff makes no showing that the fact that he had an EEO complaint pending in some manner justified his delay. *Martinez,* at 2 (holding that, "in particular, the still pending EEO complaint could not justify plaintiff's delay in filing this federal action" after the MSPB issued its decision). Plaintiff fails to demonstrate that he relied on any misinformation or misrepresentation in a manner that caused him to fail to exhaust his administrative remedies. Lastly, Plaintiff was represented by lawyers, and was not acting pro se at the time. He is not entitled to equitable tolling.

## C. CONCLUSION

This case should be dismissed. When he filed his "mixed case appeal" with the MSPB, Plaintiff designated the MSPB as the forum in which he chose to pursue his administrative remedies. He failed to file this case within 30 days of the MSPB AJ's decision, as required by statute, and so the case should be dismissed.

Plaintiff's EEO Complaint was not a "mixed case complaint," nor did it ever become so; accordingly, the "mixed case complaint" was not the route in which Plaintiff chose to exhaust his administrative remedies. Even if the EEO Complaint could be considered a "mixed case complaint," Plaintiff abandoned this administrative remedy for years while he prosecuted his MSPB "mixed case appeal." Abandonment of the EEO Complaint process in order to pursue his MSPB "mixed case appeal" constituted a failure to exhaust the EEO Complaint process. *Vinieratos*, at 769. This case should be dismissed.

### III. ORDER

It is **ORDERED** that:

- Defendant's Motion to Dismiss (Dkt. 15) **IS GRANTED**; and
  - This case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 10th day of October, 2017.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge